**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**THOMAS ALLEN PHILLIPS, et al.,**
*on behalf of themselves and all others similarly situated*,

      **Plaintiffs,**

v.

**BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST, et al.,**

      **Defendants.**

Case No.  19-2402-DDC-KGG

## MEMORANDUM AND ORDER

On August 14, 2020, defendants moved the court to extend the time to respond to plaintiffs' Motion for Class Certification.  Doc. 102.  Defendants' response currently is due August 21, 2020.  But they seek an extension until December 15, 2020.  Plaintiffs oppose any extension.  Doc. 103.

Under Fed. R. Civ. P. 6(b)(1)(A), the court may grant an extension "for good cause." And D. Kan. Rule 6.1(a)(4) requires extension requests to show "the cause for the requested extension."  "Rule 6(b)(1) should be liberally construed to advance the goal of trying each case on the merits.  But an enlargement of the time period is by no means a matter of right."  *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (citations and internal quotation marks omitted).  Good cause requires at least "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified."  *Id.* (citation and internal quotation marks omitted).  "Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need

for an extension is usually occasioned by something that is not within the control of the movant." *Id*. at 700–01 (citation and internal quotation marks omitted).  To demonstrate good cause, the moving party must "show the deadline cannot be met despite the movant's diligent efforts."  *Id.* at 701 (citation and internal quotation marks omitted).

To support the extension request, defendants explain they seek to depose the four named plaintiffs.  Defendants explain they waited to notice the depositions until they learned plaintiffs' official proposed class definition from the class certification motion.  Defendants assert an extension until December is appropriate because this will allow them time to take the depositions, order transcripts, and prepare the response.  The extension also would allow time to review plaintiffs' responses to their pending discovery requests, which are due on August 24, 2020, before conducting the depositions.  And, defendants contend, the length of the extension is necessary because counsel and parties are located in various states and in person depositions may be necessary due to the document heavy nature of the case, but difficult to schedule because of the COVID-19 pandemic and travel and quarantine restrictions.  Additionally, defendants seek an extension because the class certification motion involves seven claims with different legal theories they must analyze.  Finally, defendants describe how scheduled vacations and COVID-19 related delays to school start dates make scheduling the depositions and preparing the response difficult in the short term.

Plaintiffs oppose the extension request.  Doc. 103.  When defendants reached out to plaintiffs about the request, plaintiffs noted their opposition to the lengthy extension, but did not oppose defendants deposing the class representatives before responding to the class certification motion.  Doc. 102-1 at 1.  And, plaintiffs agreed to a 60-day extension until October 20, 2020 "as a matter of professional courtesy."  *Id.*  Now, plaintiffs oppose any extension.  They argue a

four-month extension is unreasonable and will prejudice plaintiffs who have their pensions withheld during this difficult economic time. The claims in this lawsuit assert defendants' denial of pension benefits is unlawful. *See* Doc. 57 (First Amended Class Action Complaint).

Plaintiffs contend defendants have not shown "good cause" for any extension under Fed. R. Civ. P. 6(b). They note defendants have requested and received various extensions in this case, but further delay is unwarranted because defendants' own lack of diligence in conducting discovery drives defendants' present extension request. Plaintiffs explain that the parties agreed to the August 7, 2020 deadline for filing the class certification motion, and defendants knew or should have known the court's local rule D. Kan. Rule 6.1(d)(1) permits 14 days to respond. But, plaintiffs argue, defendants did not conduct the discovery they now claim to need in the months leading up to the class certification motion, nor do they explain now what information they could not have requested previously. Plaintiffs assert changes in the class definition between a complaint and class certification motion are common, and not grounds for an extension. Plus, they contend, the Amended Complaint is sufficiently clear about the class claims asserted.

Also, plaintiffs believe the parties can complete the depositions defendants seek in a much shorter time frame than defendants propose. They anticipate the parties readily can accomplish video depositions by screen-sharing or providing documents intended for the deponent to review to the court reporter or opposing counsel in advance. If defendants need transcripts to respond timely to the class certification motion, plaintiffs assert defendants have the option to order expedited transcripts.

Despite plaintiffs' arguments that defendants have not shown good cause for any extension, the court finds an extension is permissible here. Defendants have provided a variety

of reasons they are unable to respond to plaintiffs' class certification motion within the 14-day period permitted by our court's local rules, and the court concludes they have made "some showing of good faith . . . and some reasonable basis for noncompliance within the time specified." *Herbert*, 678 F. App'x at 700.  While plaintiffs assert defendants haven't explained in adequate detail why they can't meet the deadline—one they knew was coming—despite diligent efforts, defendants have identified circumstances underlying their request sufficient for the court to determine some extension is appropriate.  *See id.* at 700–01.  But the court agrees with plaintiffs that an extension until December 15, 2020 is unreasonable.

If the court grants an extension, plaintiffs ask the court to limit the extension to 60 days—extending the response deadline to October 20, 2020.  Doc. 103 at 3.  Consistent with Fed. R. Civ. P. 1's directive to administer and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," the court extends defendants' response deadline, but only until **October 31, 2020**.  If defendants exercise diligence in reviewing plaintiffs' forthcoming discovery responses and scheduling and conducting the depositions they assert are needed—including remote depositions as appropriate—the court believes defendants will have adequate time to respond to the merits of plaintiffs' class certification motion.  *See Herbert*, 678 F. App'x at 700 (directing courts to construe Rule 6(b)(1) liberally "to advance the goal of trying each case on the merits" (citation and internal quotation marks omitted)); *see also Reynard v. Washburn Univ. of Topeka*, No. 19-4012-HLT-TJJ, 2020 WL 3791876, at *6 (D. Kan. July 7, 2020) (noting technological advancements can make remote depositions very effective, even in cases that "involve a large number of documents").  The extension is longer than plaintiffs argue is tolerable, but significantly shorter than defendants'

initial request, and the court concludes extending the response deadline to the end of October is reasonable here.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' Motion for Extension of Time (Doc. 102) is granted in part.  Defendants' deadline to respond to plaintiffs' Motion for Class Certification (Doc. 100) is extended to **October 31, 2020**.

**IT IS SO ORDERED.**

**Dated this 19th day of August, 2020, at Kansas City, Kansas.**

                                          **s/ Daniel D. Crabtree**
                                          **Daniel D. Crabtree**
                                          **United States District Judge**

---

[1] If the court grants defendants' motion, plaintiffs also ask the court to "lift the order bifurcating expert and damages discovery." Doc. 103 at 3.  The Initial Scheduling Order provided a "subsequent scheduling conference will be held" after the court rules on plaintiffs' class certification motion, but during the initial discovery period "expert discovery and discovery directed solely to damages evidence" is prohibited. Doc. 35 at 1–2. Defendants had argued bifurcation was appropriate because they believe they have strong arguments against class certification. Doc. 35-1 at 1.  Plaintiffs now argue that defendants' extension request further delays damages and expert discovery so the court should modify its Order bifurcating discovery if an extension is granted. Doc. 103 at 8.  But, if plaintiffs seek to modify the Initial Scheduling Order bifurcating discovery, they can file a proper motion detailing their request and the legal basis for it.