IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS ALLEN PHILLIPS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 19-2402-DDC-KGG |
| ) | |
| BOILERMAKER-BLACKSMITH ) | |
| NATIONAL PENSION TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## **ORDER DENYING MOTION TO COMPEL DISCOVERY**

Now before the Court is Plaintiffs' Motion to Compel the Defendants to apply certain search terms to electronically stored information in responding to discovery requests. (Doc. 70.) Having reviewed the submissions of the parties, Plaintiffs' motion is **DENIED** because they fail to relate the requested search terms to their Rule 34 Requests for Production.

## **BACKGROUND**

### **I.    General Background.**

Plaintiffs and the putative class members in this class action lawsuit are participants in the Boilermaker-Blacksmith National Pension Trust ("the Plan"). Defendant Plan is an employee benefit plan under the Employee Retirement Security Act of 1974 ("ERISA"). Plaintiffs allege in their Amended Class Action

1

Complaint (Doc. 57) that Defendants violated the Employee Retirement Income Security Act by denying retirement benefits based on re-defined eligibility rules (Doc 57, at 2).  Plaintiffs also allege "violations of multiple provisions of ERISA including breaches of fiduciary duty, violations of ERISA's prohibited transaction prohibitions and violations of ERISA's anti-alienation rules." (*Id.*)  Defendants generally deny Plaintiffs' allegations.

## II. Background Relating to Motion to Compel.

The issue raised by Plaintiffs in the present motion is the alleged unwillingness of Defendants and their agents to produce or conduct searches of custodial ESI responsive to Plaintiffs' First Set of Requests for Production. (*See generally* Doc. 70.)  Plaintiffs contend that the agreed ESI protocol of the parties "identifies several custodians of ESI both from the Defendant Fund and its agents whose email accounts will be collected and searched," including "Defendant Fund employees and employees of the administrator Wilson-McShane, Defendants' actuaries Segal Company, and Defendants' attorneys Blake & Uhlig."[1]  (Doc. 70,

---

[1] According to Defendants, Wilson-McShane searched the emails of Mary Pierce, Beth Racki, Kathy Duran, Brenda Baker, and Tiana Washington from January 1, 2007 to July 17, 2019. Mary Pierce's email was also searched from January 1, 2000 to December 31, 2006. Wilson-McShane also searched the emails of Mark Swartz, Ti Griffin, Carolyn Papuga, and Justin Kathman from January 1, 2014 to July 17, 2019. The search term [separa*3 within one word of service] was used.  Thereafter, the results were culled for email regarding other clients and internal matters.  Defendants also state that Wilson-McShane ran test searches of the terms proposed by Plaintiffs.  Prior to the filing of the Amended Complaint, Defendants ran searches through the emails of Janae Schaeffer, Curtis Barnhill, Rich Calcara, Len Beauchamp, and Christine King using the terms

at n.9.) Defendants assert that these third-parties conducted ESI searches without a subpoena "[i]n the spirit of cooperation," but they "waived no objections that they might have had to Plaintiffs' demands." (Doc. 83, at 4-5.)

As stated by Plaintiffs,

> [t]he parties have agreed to an ESI protocol, which was approved by the Court. Doc. 53. With respect to ESI custodians, the ESI Protocol requires Defendants to collect and search each ESI custodian's 'entire email account' including archival systems and all incoming and outbound emails as follows:
>
>> The custodian's entire e-mail account shall be collected. Accordingly, archiving systems used to capture and store all incoming and outbound emails shall also be searched.
>
> Doc. 53 at 5-6. The ESI protocol provides that the parties will continue to 'negotiate terms and connectors to be used by Defendants to search and locate relevant custodial ESI' and permits the parties to bring these matters to the Court's attention if the parties are unable to reach resolution on these issues. *Id.* at 7.

(Doc. 70, at 9.)

---

[separation AND service], [separate AND service], and [separated AND service], removing emails about the Boilermakers National Health & Welfare Fund and the Boilermakers National Annuity Trust. According to Defendants, this lead to the production of over 3,300 documents totaling almost 70,000 pages. Defendants also contend that their e-discovery vendor hired "to, among other things, provide access to e-discovery software (namely, Relativity), has billed $71,126.75 for its services from October 2019 through June 2020. (See generally Doc. 83, at 5-6.)

3

Plaintiffs continue that the parties now find themselves "at loggerheads" on the issue of the appropriate ESI search terms. (*Id.*)  According to Plaintiffs, Defendants initially proposed only the term "separation," then proposed using separate AND service, separation AND service, separated AND service. (*Id.*, at 9-10.)  On December 30, 2019, Plaintiffs submitted their initial list of search terms to Defendants, which they subsequently narrowed to 29 search terms identified in the draft ESI Protocol submitted to Defendants on January 15, 2020. (*Id.*, at 10.)

Following the discovery dispute conference on January 28, 2020, the parties engaged in further communications in February and March regarding the ESI search terms, which were ultimately unsuccessful. (*Id.*, at 10-12.)  Defendants generally complained that Plaintiffs requested search terms were overly broad and would result in too many hits, leading Plaintiffs to request that Defendants provide statistics regarding the "hits" within the system that each of the search terms. (*Id.*, at 12.)  In March and April, Defendants informed Plaintiffs that they were delayed in conducting ESI hit reports because of the coronavirus. (*Id.*)  Although Defendants submitted results of certain hit reports in April and May, Plaintiffs contends the reports were unsatisfactory. (*Id.*, at 12-13.)

Plaintiffs complain that "Defendants' refusal to agree to use Plaintiffs' other proposed search terms is totally unsupported and completely unjustified." (*Id.*, at 13.)  The search terms Plaintiffs currently request are the following:

4

1. disqualifying /5 employment AND amend!
2. prohibited /5 employment AND amend!
3. suspend! /5 (benefits OR pension OR retirement) AND amend!
4. Heinz
5. "Central Laborers"
6. "Supreme Court" AND Benefit
7. Recoup! /5 benefit!
8. sever! /5 employment
9. sever! /5 service
10. Terminat! /5 service[2]
11. PLR
12. IRS /5 regulation! AND (comply OR retir! OR amend!)
13. IRS General Counsel Memorandum 34912
14. Voluntary compliance
15. Determination letter
16. 1.401!
17. 401(a)!
18. Inten* /5 retire!

(Doc. 70-1, at 2.)

## **ANALYSIS**

Plaintiffs seek an order compelling Defendants to "perform ESI searches of the relevant custodians at Defendant Fund and its agents … using [designated] search terms … and to produce all discovery responsive to Plaintiffs' First Set of Requests for Production, including the ESI containing Plaintiffs' requested search terms … ." (*Id*., at 2.) Plaintiffs argue that the search terms are relevant to disputed issues. Defendants respond that the proposed search terms are "not

---

[2] Plaintiffs have agreed to remove the term "terminat! /5 employment" from this search list. (Doc. 89, at 11.)

targeted to the issues in the case and are unduly burdensome." (Doc. 83, at 1.) Because the motion to compel does not tether the search terms request to any of Plaintiffs' particular Rule 34 Requests for Production of Documents, the motion is **DENIED**.

Federal Rule of Civil Procedure 34 permits a party to request documents and electronically-stored information in discovery. The document request issued must be within the general scope of discovery under Fed.R.Civ.P. 26(b)(1).

In this case, Plaintiffs issued a set of Rule 34 Requests for Production. (Docs. 109, 109-1, 109-2.) These document requests were provided to this Court after briefing on this motion upon request of the Court but were not attached to the initial memoranda or motion. Local Rules require that discovery requests and responses which are the subject of a motion to compel be attached to the motion. D.Kan. Rule 37.1. The Court surmises that Plaintiffs' failure to attach the requests indicates a belief that the original requests are irrelevant to the present motion. The Court disagrees.

Further, the underlying Requests for Production and responses thereto are not discussed in the Motion to Compel or in the Response. Instead, Plaintiffs attach and discuss a list of search terms to be applied to e-mail archives (Docs. 70, 70-1) and the parties argue over whether the terms are relevant or burdensome. There is no effort to tie these search terms to any of the underlying Requests for

Production, no discussion of whether the original Rule 34 requests are within the scope of discovery or objectionable, and no discussion by either party of whether the search terms directed to specified ESI (e-mails) will access specific information or documents described in the Requests for Production.

The parties submitted an agreed ESI protocol.  (Doc. 53.)  This a good example of an appropriate procedure for collaboration between the parties in determining search terms and ESI strategies to respond to document requests when the documents are stored electronically.  The protocol expressly does not expand the scope of discovery under Rule 26 or Rule 34.  The protocol requires the parties to negotiate search terms to be used by Defendants to "search and locate relevant **custodial ESI**."  (*Id*., at 6 (emphasis in original).)  Under the protocol the parties may bring disputes regarding that effort to the Court for resolution.  (*Id*., at 7.)

However, the protocol cannot function as a stand-alone discovery procedure. Although Plaintiffs did, at the Court's request, provide a copy of their Requests for Production under Rule 34 and Defendants' responses, there is no effort in the briefing to tie the set of search terms to those requests.  Indeed, many of the Requests for Production are answered with objections, and there is no request that those objections be resolved by the Court.  If the parties understand that these search terms are intended to mine relevant and unobjectionable information

7

described in the Requests for Production, they have not shared this understanding with the Court.

The present motion asks the court to make a relevancy determination about "disembodied" search terms and to determine whether the requests are unduly burdensome. The Court cannot make that determination under Rules 26 and 34 concerning search terms which are not tied to a Rule 34 Request for Production.

Under the ESI Protocol, the Court may resolve this sort of disagreement when a relevant request has been made under Rule 34 for information which is electronically stored, after the parties have been unable to agree to search terms which are directed toward obtaining discoverable information <u>described in the Requests for Production</u>. However, the court must first know what the underlying Requests for Production are and there either must be no dispute concerning the relevancy of that request or the Court must resolve that dispute. Then the Court may evaluate the search terms and other technical issues to determine whether they are reasonably directed to obtaining the relevant information from the Requests for Production without imposing an undue burden on Defendants. Skipping this first step, as Plaintiffs do here, requires the Court to guess, or allow the parties unfettered argument about, what target is the aim of the salvo of words Plaintiffs propose to launch at the database.

The issue of whether a Rule 34 Request for Production could be composed solely of search terms without a plain-language description of the information being sought is not before the Court. However, this is dubious. Consider the difficulty the Court had reviewing such a request in ***Cotton v Costco Wholesale Corp***., No. 12-2731-JW, 2013 WL 3819974 (D. Kan. July 24, 2013).[3] The absence of a plain-language description of the "big picture" deprives the parties and the Court of the lines needed to "connect the dots" represented by the search terms.

The Court is aware that its rationale for this ruling is outside the parties' arguments. The Court is also painfully aware that the parties have spent a good deal of time and expense on this issue concerning which, regrettably, the Court has here provided no assistance resolving. However, the presented issue is not amenable to analysis for relevance or proportionality when the Court cannot determine, and the parties have not agreed upon, Requests for Production which the word search is intended to facilitate.

Plaintiffs' motion (Doc. 70) is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 70) is **DENIED**.

---

[3] To the extent the *Costco* case endorses the use of search terms alone as Rule 34 requests, that endorsement is not joined in this opinion.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2020, at Wichita, Kansas.

S/ KENNETH G. GALE  
HON. KENNETH G. GALE  
U.S. MAGISTRATE JUDGE
