# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS ALLEN PHILLIPS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 19-2402-DDC-KGG |
| ) | |
| BOILERMAKER-BLACKSMITH ) | |
| NATIONAL PENSION TRUST, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION OF THE COURT'S ORDER
## <u>DENYING MOTION TO COMPEL</u>

Now before the Court is Plaintiffs' Motion for Reconsideration (Doc. 116) of the Court's Order Denying Motion to Compel (Doc. 115). The Court notes that Defendant has not yet filed its response to this motion. Given the findings herein, the Court has determined that a response would not be of assistance. Further, the Court acknowledges Plaintiff's desire to have the matter resolved prior to the expiration of the deadline to object to the Order (Doc. 115) to the District Court. Having reviewed Plaintiff's brief and exhibits (including the transcript of the parties' January 29, 2020, in person conference with the Court and Plaintiff's prior to submissions to the Court), Plaintiffs' motion is **DENIED** as explained herein.

1

## BACKGROUND

Plaintiffs and the putative class members in this class action lawsuit are participants in the Boilermaker-Blacksmith National Pension Trust ("the Plan"). Defendant Plan is an employee benefit plan under the Employee Retirement Security Act of 1974 ("ERISA"). Plaintiffs allege in their Amended Class Action Complaint (Doc. 57) that Defendants violated the Employee Retirement Income Security Act by denying retirement benefits based on re-defined eligibility rules (Doc 57, at 2). Plaintiffs also allege "violations of multiple provisions of ERISA including breaches of fiduciary duty, violations of ERISA's prohibited transaction prohibitions and violations of ERISA's anti-alienation rules." (*Id*.) Defendants generally deny Plaintiffs' allegations.

The Motion to Compel underlying the present Motion to Reconsider sought an order requiring Defendants to search their electronically stored information ("ESI") for any documents containing a list of 18 search terms (Doc. 70-1) as well as "all other documents responsive to Plaintiff's First Set of Requests for Production … ." (Doc. 70, at 1.) The Court notes that Plaintiff's Motion to Compel did not reference, let alone discuss, the Requests for Production at issue. (*See generally* Doc. 70.) For purposes of this motion, the Court will otherwise accept as true and incorporate by reference the relevant factual background

summarized in Plaintiff's motion to reconsider, unless specifically contradicted herein. (*See* Doc. 116, at 5-12.)

In its Order denying the underlying discovery motion, the undersigned Magistrate Judge held that

> [u]nder the ESI Protocol, the Court may resolve this sort of disagreement when a relevant request has been made under Rule 34 for information which is electronically stored, after the parties have been unable to agree to search terms which are directed toward obtaining discoverable information described in the Requests for Production. However, **the court must first know what the underlying Requests for Production are and there either must be no dispute concerning the relevancy of that request or the Court must resolve that dispute. Then the Court may evaluate the search terms and other technical issues to determine whether they are reasonably directed to obtaining the relevant information from the Requests for Production without imposing an undue burden on Defendants**. Skipping this first step, as Plaintiffs do here, requires the Court to guess, or allow the parties unfettered argument about, what target is the aim of the salvo of words Plaintiffs propose to launch at the database.

(Doc. 115, at 8 (emphasis added).) The Court also held that "the presented issue is not amenable to analysis for relevance or proportionality when the Court cannot determine, and the parties have not agreed upon, Requests for Production which the word search is intended to facilitate." (Doc. 9.)

In the motion to reconsider, Plaintiff correctly points out that the Court was made aware of the Requests for Production at issue (Nos. 21, 22, and 23) in

3

Plaintiff's submission to the Court prior the parties' January 29, 2020, in person conference with the Court to discuss the underlying discovery issues. (Doc. 116, at 2-3; Doc. 116-1, at 6-8.) Plaintiff continues that

> most of the search terms Plaintiffs requuest [sic] in the Motion to Compel were identified on Exhibit C to Plaintiffs' Statement and referenced in Issue 5 and the topics addressed by the terms were reviewed at the Discovery Dispute conference. Because this was the continuation of the initial discovery dispute in which the disputed requests were identified and discussed at length with the Court, Plaintiffs reasonably believed that the motion could rely on the record before the Court, that the Court was fully familiar with the issues and reference back to the January 2020 Statement and requests was not required.

(Doc. 116, at 4; *see also* Doc. 116-1, at 6-8.) The January discovery conference was held to facilitate a discussion among the parties and the Court concerning discovery issues. The objections relating to the underlying discovery requests were not resolved at that hearing by ruling of the Court or agreement of the parties.

The Court acknowledges that it did not consider Plaintiff's January 6, 2020, submission to the Court when it considered Plaintiff's Motion to Compel, which was filed five and a half months later. Plaintiff, however, failed to discuss or even reference the January 6th submission or the underlying discovery requests in its Motion to Compel. (*See generally* Doc. 70.) And, as discussed below, the Court had specifically informed the parties that **issues relating to the validity of the underlying discovery requests had to be resolved before the Court would**

4

**consider the validity of the disputed ESI search terms**.  (Doc. 49, at pp. 78:16 – 81:10.)

As such, the Court is not persuaded by Plaintiff's argument that the Court committed "clear error in … not apprehending that this was the culmination of the continuing dispute that had previously identified and extensively argued with respect to the Requests for Productions ("RFPs") at issue … ."  (Doc. 116, at 1-2.) To the contrary, Plaintiff failed to apprehend the Court's instructions at the January 29, 2020, discovery conference as to how the issues relating to the discovery requests and ESI would be addressed.

At that discovery conference, this Court directed the parties that issues relating to ESI search terms could only be resolved *after* the issues relating to the underlying discovery were resolved.  The undersigned Magistrate Judge specifically instructed the parties that his

> … philosophy about ESI is probably a little bit different than some judges.  To me ESI agreements end up sometimes being the tail wagging the dog.  **The question is whether what you're asking for is discoverable**, and sometimes we spend a lot of time before we figure that out talking about how to get stuff by doing search terms.  And … so I'm not sure you could have really done the ESI before today because … **we're still trying to figure out what's discoverable**.
> …
> **I know there's still a burdensome issue as to that that I think is an issue**.  And at some point … the plaintiffs are allowed to ask for their discovery by what they're looking for and the defense has to produce it.  And the

5

> reason that we sometimes do the search term ESIs is it avoids then having depositions about how you look for what they ask for and whether it was adequate.
> …
> **But from my point of view the right question is: What are you asking for?  Is it discoverable?  How are we looking for it?**  And if we have that, if what's helpful is to agree to search term ESIs, that's fine.  **If I have to end up ruling on what the search terms will be, that's fine.  But I will tell you I often don't do that.  That's sort of a last resort, in my view, to do a search term ESI contested order**.

(Doc. 49, at pp. 78:16 – 79:24 (emphasis added).)

The Court acknowledges that these instructions at the January discovery conference could have been more artfully worded.  That stated, there is no question that Plaintiff was specifically informed that the Court found it necessary to determine the validity of the underlying discovery requests and/or objections thereto before it would consider resolving disputes about a list of ESI search terms relating to those discovery requests.  In that context, Plaintiff completely ignored the initial step of the Court's mandated process and failed to address Requests for Production Nos. 21, 22, and 23 and the objections thereto in the underlying Motion to Compel.  (*See generally* Doc. 70.)

Plaintiff argues that this is because the motion to compel "was the culmination of the continuing dispute that had previously identified and extensively argued with respect to the Requests for Production … at issue … ." (Doc. 116, at 2.)  The Court is not persuaded by Plaintiff's position.

First, Plaintiff's Motion to Reconsider acknowledges that, in the January discovery conference, the Court provided the parties with "guidance … [to] see if they could work out the issues … before bringing the issue back to the Court." (Doc. 116, at 11.)  Plaintiff continues that "[t]hereafter, for several months, the parties worked toward resolution of search terms and an agreed ESI Protocol." (*Id*.)  Plaintiff continues that, during these communications following the discovery conference, "[t]he parties **resolved the specific objections to Plaintiffs' Requests for Production, save for the relevance and burden arguments that have been asserted by Defendants** in response to Plaintiffs' Motion."  (*Id*., at 12 (emphasis added).)

These relevance and burdensomeness objections to Plaintiff's discovery requests are not only significant, but, as discussed above, they are the very types of issues the parties were instructed must be resolved before the Court would address ESI search terms.  (Doc. 49, at pp. 78:16 – 81:10.)  This is why Plaintiff's underlying Motion to Compel was denied and this is why the Court is now compelled to deny Plaintiff's Motion to Reconsider.  Based on the information provided to the Court (prior to and during the discovery conference, in conjunction with Plaintiff's Motion to Compel, and in conjunction with Plaintiff's Motion to Reconsider), the Court is **<u>still</u>** unable to resolve the issues and objections relating to the discovery requests that underly the proposed search terms.  The Court reiterates

7

that it will not address issues and objections relating to ESI search terms until a determination is made as to whether what Plaintiff has requested via the discovery requests is even discoverable.

If Defendant has withdrawn its relevance and burdensomeness objections to Requests Nos. 21, 22, and 23 (*see* Doc. 116-1, at 11-13), the Court has not been informed of this. As discussed above, Plaintiff appears to have conceded that the issues remain unresolved. (*See* Doc. 116, at 12.) Further, Defendants' objections to the underlying discovery requests were not presented to the Court in Plaintiff's Motion to Compel.

It is not the Court's responsibility to search through the parties' prior filings, past exhibits, and prior e-mail submissions in an attempt to piece together an understanding of the parties' positions regarding the discovery requests at issue in a motion. Further, even if the Court were to attempt to do so, such an exercise would be futile. Although the parties continued to communicate with each other regarding Defendants' relevance and burdensomeness objections to Plaintiff's Requests for Production Nos. 21, 22, and 23 after the January discovery conference, Plaintiff has failed to submit discussion or analysis of the current status of these discovery requests and/or Defendants' objections thereto. For this reason, the Court **DENIES** Plaintiff's Motion to Reconsider (Doc. 116.)

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Reconsider (Doc. 116) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2020, at Wichita, Kansas.

                                              S/ KENNETH G. GALE
                                              HON. KENNETH G. GALE
                                              U.S. MAGISTRATE JUDGE