# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THOMAS ALLEN PHILLIPS, *et al.*,   )
                                    )
              Plaintiffs,   )
                                    )
  vs.                              )   Case No. 19-2402-DDC-KGG
                                    )
BOILERMAKER-BLACKSMITH              )
NATIONAL PENSION TRUST, *et al.*,   )
                                    )
              Defendants.    )
_____)

## ORDER GRANTING MOTION TO COMPEL

Now before the Court is Plaintiffs' Motion to Compel (Doc. 95) Defendants to produce production of a settlement agreement in the case of ***Boilermaker-Blacksmith Nat'l Pension Tr. v. Matrix N. Am. Constr., Inc., No***. 19-CV-2370-JAR-TJJ, (D. Kan. July 9, 2019. Having reviewed the submissions of the parties, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

### I.   General Background.

Plaintiffs and the putative class members in this class action lawsuit are participants in the Boilermaker-Blacksmith National Pension Trust ("the Plan"). Defendant Plan is an employee benefit plan under the Employee Retirement Security Act of 1974 ("ERISA"). Plaintiffs allege in their Amended Class Action

1

Complaint (Doc. 57) that Defendants violated the Employee Retirement Income Security Act by denying retirement benefits based on re-defined eligibility rules (Doc 57, at 2).  Plaintiffs also allege "violations of multiple provisions of ERISA including breaches of fiduciary duty, violations of ERISA's prohibited transaction prohibitions and violations of ERISA's anti-alienation rules."  (*Id.*)  Defendants generally deny Plaintiffs' allegations.

## II.     Background Relating to Motion to Compel.

Plaintiffs seek an order compelling Defendants to produce the settlement agreement entered in the case of ***Boilermaker-Blacksmith Nat'l Pension Tr. v. Matrix N. Am. Constr., Inc.***, No. 19-CV-2370-JAR-TJJ, (D. Kan. July 9, 2019) (hereinafter "the Matrix lawsuit"), which Defendants filed shortly before Plaintiffs filed the present matter.  It is uncontroverted that Defendants identified the settlement agreement as responsive to Plaintiffs' Request for Production No. 39, seeking "documents pertaining to lawsuits…filed by Defendants seeking … reimbursement of any pension benefits paid to Class Members."  (Doc. 96-1, at 2.) Plaintiff contends that "[t]he Matrix lawsuit and terms of settlement are clearly relevant as they involved the same issues and interpretation of the same Plan provisions that are at issue in this case." (Doc. 95, at 2.)

The parties participated in an informal, pre-motion with the Court, via telephone, to discuss the discoverability of the settlement agreement.  Although the

parties continued to communicate following the informal conference, they were unable to reach a mutually-agreeable resolution.

## **ANALYSIS**

Federal Rule of Civil Procedure 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. **Holick v. Burkhart**, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Relevance is "broadly construed" at the discovery stage. **Kimberly Young v. Physician Office Partners, Inc.**, No. 18-2481-KHV-TJJ, 2019 WL 4256365, at *1 (D. Kan. Sept. 9, 2019) (citation omitted). "Relevant information is 'any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claims or defenses." *Id*. (quoting **Rowan v. Sunflower Elec. Power Corp.**, No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016))

(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).

While the scope of discovery is broad, it is not unlimited. That stated, "[u]nless a discovery request is facially objectionable, the party resisting discovery has the burden to support its objections." *Ezfauxdecor, LLC v. Smith*, No. 15-9140-CM-KGG, 2017 WL 2721489, at *2 (D. Kan. June 23, 2017) (citing *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, n.36 (D. Kan. 2004) (citation omitted)). Within this context, the Court will address the discoverability of the Matrix settlement agreement.

Plaintiff's arguments in favor of the motion to compel generally focus on the relevance of the document requested. (*See generally* Doc. 95.) Plaintiff contends that "the Matrix lawsuit involved the exact same Plan provisions at issue here, including Section 8.08, the interpretation and amendment of which Plaintiffs have submitted violates ERISA and the Plan." (*Id.*, at 6.) The Court agrees with Plaintiff that the document is facially relevant and proportionate to this case. As such, Defendants have the burden to support their objections. *Ezfauxdecor*, 2017 WL 2721489, at *2 (citation omitted).

Defendants respond that the settlement agreement "would not assist the parties in determining the validity of the separation from service rule." (Doc. 104, at 2.) On the other hand, Defendants admit that the separation from service rule

4

"plays … a … part in resolving" the claims in the Matrix litigation, albeit a "small" one. (*Id*., at 3.) The remainder of the arguments in Defendants' brief do not diminish the relevance and discoverability of the settlement agreement, which Defendants have conceded.[1] Plaintiff's motion is, therefore, **GRANTED** and the document shall be produced **within two weeks of the date of this Order**, subject to an "attorneys' eyes only" confidentiality designation.

Defendants also request the Court conduct an *in camera* review of the settlement agreement "if it has concerns about the relevance of its terms." (Doc. 104, at 8.) As discussed above, the Court does not have relevance concerns, particularly because Defendants have conceded the relevance of the document. Further, Defendants have made no effort to discuss how an *in camera* inspection would benefit the discovery process in this case. The briefing of the parties has adequately described the settlement agreement and the nature of the information contained therein. The Court has no need to review the document. As such, Defendants' request is **overruled**.

---

[1] In their response, Defendants refer, but do not discuss, the "confidential" nature of the settlement agreement. (*See* Doc. 104, at 5.) The Court notes that the production of private or confidential information is not, in and of itself, a valid reason to withhold discovery as this production would be governed by the protective order (Doc. 31) entered in this case. ***High Point SARL v. Sprint Nextel Corp.***, No. 09-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011). "'A concern for protecting confidentiality does not equate to privilege.'" *Id*. (citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 95) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 14th day of October, 2020, at Wichita, Kansas.

                     S/ KENNETH G. GALE
                     HON. KENNETH G. GALE
                     U.S. MAGISTRATE JUDGE