IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS ALLEN PHILLIPS, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:19-cv-02402-TC-KGG<br>) |
| BOILERMAKER-BLACKSMITH NAT'L<br>PENSION TRUST, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM AND ORDER ON MOTION TO COMPEL DOCUMENTS
RESPONSIVE TO PLAINTIFFS' SIXTH SET OF REQUESTS FOR PRODUCTION**

Now before the Court is Plaintiffs' motion to compel documents responsive to Plaintiffs' sixth set of requests for production (Doc. 221). Defendants oppose the motion. (Doc. 231). Having reviewed the submissions of the parties, the Court **DENIES** Plaintiffs' motion to compel.

**I.   Background**

Plaintiffs' claims arise under the Employment Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and allege violations of the terms of the Boilermaker-Blacksmith National Pension Trust ("Plan" or "Trust") and ERISA. (Doc. 57). The Plaintiffs in this case were granted early retirement. However, Defendants allege that the Plaintiffs were not actually retired because they were still engaged in some type of employment. This is referred to as the "separation from service" rule in which Plan participants must terminate employment from any employers contributing to the Trust and must have the intent to refrain from returning to work. As a result, Defendants terminated their benefits and sought to

1

recoup overpayments under the Plan. Plaintiffs challenge the denials and terminations of their benefits as unlawful.

The Plan provides that a retiree may not work for an "Employer" as defined by the Plan and continue to receive retirement benefits. Plaintiffs assert, in part, that Defendants violated the Plan's definition of "Employer" by terminating benefits for retirees that were working for locations not considered an "Employer" under the Plan. (Doc. 221, at 6). Section 1.13(c) of the Thirteenth Restatement of the Pension Plan provides that:

> An organization shall not be deemed an "Employer" simply because it is part of a controlled group of corporations or of a trade or business under common control, some other part of which is an Employer. For purposes of identifying highly compensated employees and applying the rules on participation, vesting and statutory limits on benefits under the Fund but not for determining Covered Employment, the term "Employer" includes all corporations, trades or businesses under common control with the Employer within the meaning of Internal Revenue Code §414(b) and (c}, all members of an affiliated service group with the Employer within the meaning of Internal Revenue Code §414(m) and all other businesses aggregated with the Employer under Internal Revenue Code §4 14(0).

(Doc. 100-7, at § 1.13(c)). The definition of "Employer" has not changed since 2000. This Court has previously issued a ruling which limited discovery to the years 2000 to present. (*See* Doc. 49, at 72:11–73:1). The parties currently dispute the scope of that previous ruling. Moreover, Defendants do not consider the term "Employer" at dispute, but rather believe the term "retire" is more relevant. (*See* Defendants' objections). Defendants' attorney, Nathan Terry, testified at a deposition on July 21, 2021. (Doc. 221-1, at 28). During the deposition, he was asked about the basis of his conclusion that all trades or businesses under common control are treated as a single employer for the purposes of the "separation from service rule." (*Id.*, at 29). When asked whether he was aware of anything in Plan that supports that conclusion, he said "I think the definition of 'employer' may support that." (*Id.*). Defendants

2

assert that Mr. Terry was merely suggesting, in his opinion, that the Plan's definition of employer supports that application. (*Id.*, at 38).

After the deposition, Plaintiffs served their Sixth Set of Requests for Production which contained four separate requests for documents. The four requests provide:

> 47. All Pension Plan amendments regarding the definition of "employer", and/or the application of such term.
>
> 48. All documents, including, without limitation, memoranda (legal or otherwise), emails, Board of Trustees minutes, and notices analyzing, pertaining to or discussing the definition of "employer" in the Pension Plan and/or the application of such term.
>
> 49. All documents, including, without limitation, memoranda (legal or otherwise), emails, Board of Trustees minutes, and notices analyzing, pertaining to or discussing any amendments and/or changes to the Pension Plan regarding the definition of "employer" in the Pension Plan and/or the application of such term.
>
> 50. All Form 5500 Annual Reports, including the respective audited financial background statement(s) filed therewith, corresponding to any year (as well as the years immediately preceding and following such year) in which an amendment regarding the definition of the term "employer" in the Pension Plan and/or the application of such term was adopted and/or became effective.

(Doc. 221-1, at 12–13). Defendants objected to the Sixth Set of RFPs because, *inter alia*, they believed the Requests to be disproportionate to the needs of the case and lack relevance. Plaintiffs seek to establish the history of Plan interpretation and amendments to the definition of "Employer." (*Id.*, 221-1, at 34). During the meet and confer process, Defendants held the position that they did not rely on § 1.13(c) when deciding claims and appeals. The parties were unable to resolve the dispute and Plaintiffs filed a motion to compel responses to the sixth set of RFPs on November 10, 2021. (*See* Doc. 221).

## II. Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedure govern the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004). "The objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Carter v. Union Pac. R.R.*, No. 20-2093-DDC-KGG, 2021 WL 1250958, at *2 (D. Kan. Apr. 5, 2021) (Gale, J.) (citing *Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670–71 (D. Kan. 2004)).

## III. Analysis

Discovery requests must be relevant on their face. *Williams v. Board of Co. Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000). Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any

4

possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). Plaintiffs contend that their sixth set of requests for production are relevant and that Defendants' objections to those requests should be overruled. (*See* Doc. 221). Defendants, on the other hand, contend that Plaintiffs' requests are irrelevant and disproportionate to the needs of the case. (*See* Doc. 231).

Plaintiffs' requests for production seek documents that pertain to the Plan's definition of "Employer" as well as its historic application. They seek the information to prove that Defendants violated the definition of "employer" contained in Plan § 1.13(c) by ignoring the definition when denying retirement benefits. (Doc. 221, at 2). They further contend that the "legislative history" of Plan language and interpretation is relevant to the issues before the Court. *See, e.g.*, *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 642 (5th Cir. 1992); *Masella v. Blue Cross & Blue Shield of Connecticut, Inc.*, 936 F.2d 98, 104 (2d Cir. 1991).

Further, Plaintiffs allege Defendants conceded the term "Employer" is relevant because Mr. Terry in his deposition indicated the term is consistent with their position. (*See* Doc. 221, at 10). However, Defendants disagree and argue that the requests for production do not bear on the issues in the case. (Doc. 231, at 6). They mention that Plaintiffs have already been given the Plan's plain language and have produced discovery which Plaintiffs could use to analyze historic interpretation of the Plan.

After considering the parties' arguments, the Court does not find Defendants' statement that they believe the term "employer" is consistent with their position to be a concession of relevance and, therefore, subject to extensive discovery. Defendants stated they did not rely on the Plan's definition of "employer" when deciding claims and appeals at

issue in this case. (Doc. 231, at 5). Indeed, they held that position when responding to Plaintiff's first set of requests for admission, (Doc. 231-2, at 3), and continue to maintain that position. (Doc. 231, at 3).

The Court is not persuaded that the historical interpretation of the word "employer" in relation to the Plan is relevant. Moreover, the discovery sought is not proportional to the needs of the case. Here, Plaintiffs have received discovery relating to over 100 participant files. Moreover, the requests for production also lack temporal limitation. The Court does not see a basis for compelling further discovery relating to the historical interpretation of the definition of "Employer"—particularly when Defendants maintain they did not rely on that provision. Despite Plaintiffs' insistence they are entitled to this discovery, the Court does not agree.

**IT IS THEREFORE ORDERED** that the Plaintiff's Motion to Compel (Doc. 221) is **DENIED.**

**IT IS SO ORDERED.**

Dated January 19, 2022, at Wichita, Kansas

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge