## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

THOMAS ALLEN PHILLIPS, *et al.*,          )
                                          )
                Plaintiffs,          )
                                          )
        vs.                     )          Case No. 19-2402-TC-BGS
                                          )
BOILERMAKER-BLACKSMITH NATIONAL           )
PENSION TRUST, *et al.*,                  )
                                          )
                Defendants.          )
_____   )

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT

NOW BEFORE THE COURT is Plaintiffs' "Motion for Leave to File Supplemental Complaint," which requests leave "to add claims and set forth transactions, occurrences and events that happened after the filing of Plaintiff's [sic] First Amended Complaint" relating to the Secure Act 2.0, which amended ERISA, discussed *infra*. (Doc. 275, at 2.) After review of the parties' submissions, the Court **GRANTS** Plaintiffs' motion.

## BACKGROUND

Plaintiffs' lawsuit was initiated on July 17, 2019, with the filing of their purported class action Complaint. (Doc. 1.) Therein, Plaintiffs alleged claims arising under the Employment Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and alleged violations of the terms and administration of the Boilermaker-Blacksmith National Pension Trust ("Plan" or "Trust") and ERISA. (Doc. 57.)

Plaintiffs in this case were granted early retirement. However, Defendants allege that Plaintiffs were not actually retired because they were still engaged in some type of employment. This is referred to as the "separation from service" rule in which Plan participants must terminate employment from any employers contributing to the Trust and must have the intent to refrain from

1

returning to work. As a result, Defendants terminated their benefits and sought to recoup overpayments under the Plan. Plaintiffs challenge the denials and terminations of their benefits as unlawful.

A Scheduling Conference was held on November 7, 2019. Thereafter, the Court entered the Initial Scheduling Order on November 12, 2019, which provided six months, or until June 1, 2020, for class discovery and the filing of a motion for class certification. (Doc. 35.) It also set an April 1, 2020, deadline for motions for leave to join additional parties or to otherwise amend the pleadings. (*Id.*) Plaintiffs' First Amended Class Action Complaint was filed on March 31, 2020. (Doc. 57.)

After receiving an extension to do so (Doc. 67), Plaintiffs filed their motion for class certification on August 7, 2020. (Doc. 100.) Since that date, additional class members have been identified, with the class currently consisting of approximately 117 pension plan participants.

Defendants filed their Motion for Partial Judgment on the Pleadings on September 4, 2020. (Doc. 111.) While that motion was pending, Congress enacted Section 301 of the Consolidated Appropriations Act, 2023, PL 117-328 ("Secure Act 2.0"), effective December 29, 2022. The Secure Act 2.0 amended ERISA Section 206, 29 U.S.C. § 1056, to provide that in the case of the inadvertent overpayment of benefits, a decision to seek repayment through future monthly benefits must be made by a plan fiduciary subject to the following conditions:

> (i) the reduction ceases after the plan has recovered the full dollar amount of the overpayment,
> (ii) the amount recouped each calendar year does not exceed 10 percent of the full dollar amount of the overpayment, and
> (iii) future benefit payments are not reduced to below 90 percent of the periodic amount otherwise payable under the terms of the plan.

29 U.S.C. § 1056(h)(2)(B). These overpayment provisions were effective for recovery of alleged overpayments beginning on December 29, 2022. The alleged violations of the Secure Act 2.0 and the additional breaches of fiduciary duty referenced in Plaintiffs' proposed Supplemental Complaint

arose in September 2023 – approximately three and a half years after the motion to amend deadline had expired in this case.

By Order dated August 31, 2023, the District Court granted Plaintiffs' certification motion. (Doc. 266.)  Therein, the District Court held that as to Counts I, II, III, IV, V, VII, and IX,[1] the four prerequisites for class certification under Fed. R. Civ. P. Rule 23(a) – numerosity, commonality, typicality, and adequate representation – were satisfied, and the requirements of Fed. R. Civ. P. 23(b)(1)(A) and (b)(2) were met.  (*See generally,* Doc. 266.)

After the District Court's ruling on class certification, the undersigned Magistrate Judge issued an Order regarding planning and scheduling (Doc. 267), which set a Scheduling Conference for October 24, 2023.  This resulted in a Phase II Scheduling Order, which was entered on October 24, 2023.  (Doc. 272.)  The Phase II Scheduling Order included no new deadline for the filing of motions to amend.  As such, the deadline to amend expired with the April 1, 2020, deadline contained in the initial Scheduling Order.  (Doc. 35, at 4.)

In the present motion, Plaintiffs seek leave to supplement their Complaint under F.R.C.P. 15(d) to "add claims and set forth transactions, occurrences and events that happened after the filing of Plaintiff's [sic] First Amended Complaint."  (Doc. 275, at 2.)  Plaintiffs contend that the proposed Supplemental Complaint "asserts claims and facts related to the recoupment of benefits following the December 29, 2022[,] effective date of Section 301 of the Consolidated Appropriations Act, 2023, PL 117-328 ('Secure Act 2.0')."  (*Id.*)

According to Plaintiffs, the supplemental cause of action and additional breaches of duty arose in September 2023, when Defendants sent Phillips a letter calculating his monthly payment

---

[1] Counts I – V and VII allege various violations of ERISA; Count IX is an estoppel claim alleging failure to pay promised benefits.  (Doc. 57.)  Count VI is "an individual claim brought on behalf of Plaintiffs Phillips and Egger for violation of ERISA's requirements to provide documents and instruments and Collective Bargaining Agreements governing the Plan in response to written requests."  (Doc. 100, n.2.)  Count VIII has been dismissed (Doc. 261, at 28-30, 32).

with the reduction under the Secure Act 2.0 for the overpayment.  (Doc. 275, at 4-6.)  Plaintiffs

contend they attempted to resolve this issue with Defendants by letter dated September 28, 2023.

(Id., at 6.)  Plaintiffs continue that despite agreeing to respond to the letter by January 11, 2024,

Defendants failed to do so, resulting in Plaintiffs filing the present motion to supplement the

Complaint to include violations of the Secure Act 2.0.[2]  (Id.)

Defendants respond that Plaintiffs' requested amendment should be denied as futile

because their proposed subclass for the Secure Act 2.0 claims cannot meet the Rule 23 certification

requirements.  (Doc. 279, at 2.)  According to Defendants, the "proposed subclass of two is, as a

matter of law, too small to meet Rule 23(a)(1)'s numerosity requirement."  (*Id.*)

## ANALYSIS

### I.    Standards for Motions to Supplement.

Motions to supplement pleadings are governed by Fed. R. Civ. P. 15(d).  That subsection of

Rule 15 states that "the court may, on just terms, permit a party to serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the pleading to be

supplemented."  Fed.R.Civ.P. 15(d).  Supplemental pleadings "'set forth new facts in order to update

[an] earlier pleading'" and are, therefore, "distinct from amendments to pleadings under Rule 15,

which 'relate to matters that occurred prior to the filing of the original pleading.'"  *See Carter v.

Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015) (quoting 6A Charles Alan Wright & Arthur R. Miller,

Federal Practice and Procedure § 1504 (3d ed.2014)).

"Rule 15(d) gives trial courts broad discretion to permit a party to serve a supplemental

pleading setting forth post-complaint transactions, occurrences or events."  *Walker v. United Parcel*

---

[2] The proposed Supplemental Complaint includes a supplement to Count II for redress of continuing
violations of ERISA fiduciary duty requirements relating to the Secure Act 2.0.  (Doc. 275-2, at 53-55.)  It
also includes a new cause of action ("Count X"), alleging violations of the Secure Act 2.0.  (Id., at 55-58.)
While proposed Count X references Phillips individually, it may apply to the class as it relates to Phillips "and
similarly situated Class Members."  (Id., at 56.)

*Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001). As a general matter, "the standard used by courts in deciding to grant or deny leave to supplement is the <u>same standard used in deciding whether to grant or deny leave to amend</u>." *Fowler v. Hodge*, 94 F. App'x 710, 714 (10th Cir. 2004) (emphasis added); *see also Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., et al.*, 266 F. Supp. 2d 1253, 1256 (D. Colo. 2003) (stating that "the court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a)").[3] Thus, leave to supplement a pleading under Rule 15(d) "should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1186 (10th Cir. 2015) (quoting *Walker*, 240 F.3d at 1278). Likewise, leave to supplement may be denied if the Court determines the proposed amendment or supplementation would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend under Rule 15(a) may be denied when it would be futile). *See also Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (applying *Foman* standard to analysis under Rule 15(d) supplementation).

Because Plaintiffs have moved to supplement their Complaint past the deadline established in the Scheduling Order for amendment to the pleadings, Fed. R. Civ. P. 16(b)(4), which governs modifying a scheduling order, may be implicated prior to analysis under Rule 15.[4] *See Destiny Clark v. Newman Univ., Inc.*, 2021 WL 2024891, *3 (D. Kan. May 21, 2021) (holding that a party seeking to amend a pleading after a deadline in a scheduling order must satisfy both Rule 16(b)(4) and Rule 15(a)) (citing *Gale v. City & Cty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020)). Subsection (b)(4) of Rule 16 states that the Scheduling Order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To establish "good cause," the moving party must "show that

---

[3] Because the same standard applies to motions to amend and motions to supplement, the Court will use these terms interchangeably in this Order.
[4] There is a split in authority as to whether Rule 16 is implicated by motions to supplement pleadings as opposed to motions to amend pleadings. This issue will be addressed in more detail, *infra*.

the amendment deadline could not have been met even if it had acted with due diligence." *Camp v. Gregory, Inc.*, 12-1083-EFM-KGG, 2013 WL 391172, at *2 (D. Kan. Jan. 30, 2013) (citing *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *3-4 (D. Kan. Oct. 12, 2010) (internal citations omitted)).  The determination as to whether a party has established good cause sufficient to modify a scheduling order deadline is within the court's discretion, and will be reviewed only for an abuse of discretion.  *Id.*

When both Rules 15 and 16 are implicated, Courts in this District employ a two-step analysis applying the Rules to first determine whether the moving party has established "good cause" for bringing the motion out of time pursuant to Rule 16.  If so, a court will then determine whether justice requires the amendment (or supplementation as requested here) under Rule 15.  Courts are to freely give leave under Rule 15 "'when justice so requires.'"  *Stewart v. Bard of Comm'rs for Shawnee Co., Kansas*, 216 F.R.D. 662, 664 (D. Kan. 2003) (quoting Fed. R. Civ. P. 15).  With this framework established, the Court will analyze Plaintiffs' request under Federal Rules 16 and 15.

## II.    Rule 16 Factors.

The Court's first inquiry is whether Plaintiffs could have moved to amend by the deadline set forth in the Scheduling Order with due diligence.  "The deadlines set by the Court in its Scheduling Orders are not merely aspirational."  *Little v. Budd Co., Inc.*, No. 16-4170-DDC-KGG, 2018 LW 276773, at *1 (D. Kan. Jan. 3, 2018).  Rather, the orderly, timely and efficient management of litigation by the Court and counsel is important to the administration of justice.  *See* Fed.R.Civ.P. 1.  Tardy substantive changes to the Scheduling Order can be unfair, and can cause substantial delay and expense.  Thus, actions beyond those deadlines are only allowed for good cause.  *Little*, 2018 LW 276773, at *1.

Plaintiffs acknowledge the motion was filed after the deadline contained in the Initial Scheduling Order.[5] Citing decisions from the District of Colorado and the Southern District of West Virginia, Plaintiffs argue that the "good cause" standard for a Rule 16 does not apply to motions to supplement a pleading under Rule 15(d).  (Doc. 275, at 10 (quoting *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-0970-PAB-KMT, 2011 WL 7627422, at *9 (D. Colo. Sept. 19, 2011) (citation omitted), report and recommendation adopted, No. 09-0970-PAB-KMT, 2012 WL 1020939 (D. Colo. Mar. 26, 2012) and citing *Ohio Valley Env't Coal. v. U.S. Army Corps of Engineers*, 243 F.R.D. 253, 256 (S.D.W. Va. 2007)).)  The Court can see the merit in this argument as motions to supplement relate to "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d), whereas a motion to amend frequently involve events or facts that existed before the pleading was filed but were unknown at the time of filing.  The Court's research, however, indicates that there is a split in authority as to whether the good cause standard of Rule 16 applies to motions to supplement.  *See Desio v. State Farm Mutual Automobile Ins. Co.*, 339 F.R.D. 632, 641-42 (D. Nev. Nov. 16, 2021) (applying Rule 16 good cause standard to belatedly filed motion to supplement).

The Court notes that there is no direct authority from the Tenth Circuit or the District of Kansas regarding the application of Rule 16(b)(4) to motions to supplement brought under Rule 15(d).  For purposes of this motion, the Court finds that even if such an analysis is warranted, Plaintiffs have satisfied the Rule 16 good cause mandate  for failing to bring the proposed claims prior to the expiration of the Scheduling Order deadline given the December 29, 2022,  effective date of the Secure Act 2.0, discussed *supra*.  Even acting with due diligence, Plaintiffs could not have met the amendment deadline because they were unaware of the potential cause of action until

---

[5] The Court notes that Defendants' response does not address the applicability of Rule 16 good cause to the present motion.

Phillips received correspondence from Defendants in September 2023 calculating his monthly payment with the reduction under the Secure Act 2.0 for the overpayment. (*See* Doc. 275, at 4-6, discussed *supra*.) *See also* Camp, 2013 WL 391172, at *2 (citation omitted). When Defendants failed to respond to Plaintiffs' inquiries on these issues by January 11, 2024, Plaintiffs made the decision to file the present motion. Plaintiffs have established the requisite good cause under Rule 16(b)(4). The Court will, therefore, proceed with its analysis under Fed. R. Civ. P. 15.

## III.   Rule 15 Factors.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted). In opposition to Plaintiffs' motion, Defendants argue only that the requested supplementation is futile. (Doc. 279, at 8-9.)

Once futility of the amendment (or supplementation) is asserted, "[t]he proposed pleading is …analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Causer v. Somers*, No. 18-1221-JWB-GEB, 2020 WL 6742790, at *8 (D. Kan. Nov. 17, 2020). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Williamson v. United Parcel Service, Inc.*, 2020 WL 1638063, at *2 (D. Kan. April 2, 2020) (citation omitted). As the party opposing the motion, the burden is on Defendants to establish the futility of Plaintiffs' proposed supplementation. *Williamson*, 2020 WL 1638063, at *2 (citing *Layne Christensen Co.*, 2011 WL 3847076, at *5) (in regard to a motion to amend); *see also Wallace v. Microsoft Corp.*, 454 Fed. Appx. 663 (10th Cir. 2012) (applying futility standard to motion to supplement a complaint).

A court is justified in denying a motion to amend as futile if the non-movant establishes that the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim.

*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL

PRACTICE AND PROCEDURE § 1487 at 642 (1990).  "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is

plausible on its face.'" *ConAgra Foods Food Ingredients Co., Inc. v. Archer-Daniels-Midland Co.*, No. 12-

2171-EFM-KGS, 2014 WL 359566, at *2 (D. Kan. Feb. 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal citation omitted)).

To be facially plausible, a claim must include sufficient factual matter "that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Suture*

*Express, Inc. v. Cardinal Health 200, LLC*, 963 F. Supp. 2d 1212, 1218 (D. Kan. 2013) (citing *Iqbal*, 556

U.S. at 678).  This requires "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief

above the speculative level." *Id.* (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1965, 167 L.Ed.2d 929 (2007)).  In determining the facial plausibility of an asserted claim, the Court

need not consider "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v.*

*Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) (citing *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976)

and *Ogden River Water Users' Ass'n v. Weber Basin Conservancy Dist.*, 238 F.2d 936, 940 (10th Cir.1956)).

As discussed above, however, "the court must accept as true all well-pleaded factual allegations and

view them in the light most favorable to the pleading party." *Carefusion 213, LLC*, 2010 WL

4004874, at *5.

Defendants argue that the Secure Act 2.0 claims in Plaintiffs' proposed supplementation

would be brought "on behalf of a 2-person subclass of their previously certified 100+-member

class." (Doc. 279, at 2.)  Defendants contend that a subclass, like a class, must meet the certification

requirements for class actions under Fed. R. Civ. P. 23, but that the "proposed 2-person subclass

fails as a matter of law to satisfy [that Rule's] mandatory numerosity requirement," thus making the proposed supplement futile.  (*Id.*, at 3.)

Pursuant to Rule 23(a)(1), "one or more members of a class may sue … as representative parties on behalf of all members only if [among other factors] … the class [be] so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  To satisfy this numerosity requirement of Rule 23(a)(1), Plaintiffs must "establish by reasonable estimate the number of class members who may be involved."  *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978).  "[N]umerosity does not require plaintiffs to establish the precise number of class members, only that the class is sufficiently numerous."  *Nieberding v. Barrette Outdoor Living, Inc.*, 302 F.R.D. 600, 608 (D. Kan. 2014).

Defendants point out that Plaintiffs' proposed Supplemental Complaint pleads facts solely relating to Mr. Phillips, while offering "nothing more than conclusory allegations that a sufficiently numerous amount of other participants have experienced the same issue."  (Doc. 279, at 8 (citing Doc. 275-3, at ¶ 13).)  Defendants continue that Plaintiffs "concede … that, after reviewing the up-to-date files of the existing 100+ class members, they are only aware of 'at least one other class member' who may fall within the proposed Secure Act 2.0 subclass.  (*Id.* (citing Docs. 275, n. 3 and 275-4 at ¶ 4).)

Plaintiffs reply that Defendants' logic is "fatally flawed."  (Doc. 280, at 2.)  According to Plaintiffs,

> [t]he Supplemental Complaint does not assert nor depend, tacitly or otherwise, on creation of a two-person subclass.  Whether the claim proceeds as part of the existing class or individually on behalf of Mr. Phillips is irrelevant because in either case the Court is empowered to grant plan-wide relief enjoining the unlawful conduct together with other appropriate equitable and remedial relief.

(*Id.*)  Plaintiffs continue that ERISA §§ 502(a)(2) and 502(a)(3) authorize individual participants "to sue in a representative capacity on behalf of the plan for appropriate relief" and "to sue for plan-wide relief to remedy ERISA statutory violations" respectively.  (*Id.*, at 2-3.)

Plaintiffs also point out that there is no currently pending motion to certify a subclass.  (*Id.*, at 5.)  According to Plaintiffs, the appropriate time for Defendants to bring this challenge would be during the class certification stage for any proposed subclass.  (*Id.*, citing *Senne v. Kansas City Royals Baseball Corp.*, 114 F. Supp. 3d 906, 926 (N.D. Cal. 2015), *Collins v. GameStop Corp.*, No. 10-1210-TEH, 2010 WL 3077671 (N.D. Cal. Aug. 6, 2010), *Cholakyan v. Mercedes–Benz USA, LLC*, 796 F.Supp.2d 1220, 1246 (C.D. Cal. 2011), *Doe by Smith v. Intermountain Healthcare, Inc.*, No. 218-0807-RJS-JCB, 2022 WL 180646, at *15 (D. Utah Jan. 20, 2022), and *Mathews v. Home Depot USA, Inc.*, No. 22-2605-ELR, 2023 WL 2731721, at *7 (N.D. Ga. Feb. 22, 2023).)

Plaintiffs' reply brief cites no authority from the District of Kansas or the Tenth Circuit for this proposition.  The Court's research discovered no such authority.  Even so, the Court is persuaded by the weight of authority cited by Plaintiffs to establish that this issue would better be addressed during a class certification analysis.  The Court, therefore, finds that, for purposes of the present motion, Defendants have not established the futility of Plaintiffs' proposed supplementation.  Defendants' futility objection is **overruled**.  While Defendants do not argue undue delay, prejudice, or bad faith under Rule 15, the Court finds that these factors do not exist in regard to Plaintiffs' filing of the present motion.  Plaintiffs' motion to supplement (Doc. 275) is **GRANTED**.  The supplementation shall be filed, in the form attached to Plaintiffs' motion, on or before April 4, 2024.

> **IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 28th day of March, 2024.

/s/ Brooks G. Severson
BROOKS G. SEVERSON
United States Magistrate Judge